## JOHNSTON ET AL v. LITTLE HORSE CREEK IRRIGATING CO. ET AL.

DISMISSAL OF JOINT APPEAL FROM BOARD OF CONTROL—PROCEEDINGS IN ERROR—PARTIES—RECORD—BILL OF EXCEPTIONS.

1. An appeal from the state board of control to the district court taken by several parties jointly, was dismissed by that court, and on error to supreme court from such order, one of the appellants was not joined as plaintiff in error, nor made a defendant in error; Held, that in the absence of any showing the failure to make her a party is fatal to the proceedings in error.

2. Errors antecedent to the final order, respecting which the grounds of exception do not appear in the entry, nor by bill of exceptions, cannot be considered.

3. The record showing the order of dismissal, and an exception thereto, the grounds of exception not appearing in the entry, in the absence of a bill of exceptions, no question for review is presented.

[Decision of board of control, May 7, 1891. Appeal dismissed by district court March 16, 1892. Decided May 19, 1893.]

ERROR to District Court for Laramie County. RICHARD H. SCOTT, Judge.

Prior to statehood, proceedings for the adjudication of water appropriations from Little Horse Creek had been commenced and were pending in the district court for Laramie County. At the November, 1890, term the court ordered the cause to be transferred to the State board of control pursuant to the provisions of Section 47 of the act of December

22, 1890, regulating the supervision of water. From the decision rendered by said board of control, James R. Johnston, George D. Johnston, Henry Homer Johnston and Lizzie Dane, owners of the "Johnston Ditch," appealed.

The notice of appeal was as follows: "Notice is hereby given to the Springvale Ditch Company, and the Little Horse Creek Irrigating Company, appellees, that the owners of the Johnston Ditch have appealed from the findings, determinations, orders and decrees of the board of control in the above entitled matter, to the above named court. W. R. Stoll, attorney for the owners of the Johnston Ditch." The amount of the undertaking to be given having been fixed by the court at $500, an undertaking signed by James R. Johnston as principal, with sureties, was filed June 5, 1891. On November 12, 1891, appellants filed in the district court a petition, setting forth the errors claimed to have occurred in the determination of the board of control, which petition was signed by attorney for appellants. Therewith there was filed a transcript of all the evidence in the case and of the order of determination of the board. These appellants had objected and excepted to the order of the court in the first instance transferring the cause to the board, and a motion was presented to the board to transfer the case back to the court, which was overruled and that ruling excepted to. The determination of the board was made May 7, 1891, and on May 12 a notice of appeal similar to the one filed in the court, except that it gave notice to the board and to all the parties interested, was filed with the board, attached to which was a statement of exceptions to the findings. A motion to dismiss the appeal was filed on behalf of the Springvale Ditch Company, one of the parties interested, on the grounds that no sufficient notice of appeal, or undertaking, had been filed. The Little Horse Creek Irrigating Company filed a similar motion. The appellants made application to file an amended notice of appeal, and a new undertaking, which was denied, the journal entry showing the determination of the court, on such application stating that appellants excepted thereto. The motions for dismissal coming on for hearing, they were sus-

tained and the appeal dismissed, it appearing by recital in the order sustaining the motions "to the sustaining of which motion the above named appellants by their counsel now and here except," and to the order of dismissal "to the making of which order the said James R. Johnston, Lizzie D. Johnston, George D. Johnston, Harry Homer Johnston, and Lizzie Dane, by their attorney, now and here except." Time was granted appellants to reduce to writing and present for allowance their bill of exceptions. There was no bill of exceptions in the transcript filed in the supreme court; but the motions to dismiss, and to amend, appeared in a transcript certified to by the clerk of the district court, as containing correct copies of all the journal entries, transcript of records and order of the board of control as filed in said court, and of all the original papers on file in said court in said matter so far as the same are material. Said appellants with the exception of Lizzie Dane prosecuted error to the supreme court. Lizzie Dane was not made a party. The decision of the court being based upon a defect of parties in error and insufficient preservation of exceptions the other facts in the case are not material.

*W. R. Stoll,* for plaintiffs in error.

The authority of the district court to transfer the case to the board of control is assailed, on two grounds: First, because the board of control has no judicial power, and the statute in so far as it attempts to confer such power is unconstitutional.

Second, because the transfer could be made only upon the application of the parties interested; and some of the parties objected to the transfer. The constitution neither confers judicial power upon the board, nor authorizes the legislature to do so. (Art. II; Art. V, Sec. 1; Chandler v. Nash, 5 Mich., 409; State ex rel. v. Maynard, 14 Ill., 419; State v. Noble, 21 N. E., 244 (Ind.); Smith v. Strother (Cal.), 8 Pac., 852; Greenough v. Greenough, 11 Pa. St., 489; Gough v. Dorsey, 27 Wis., 119; Van Slyke v. Ins. Co., 39 Wis., 390; Alexander v. Bennett, 60 N. Y., 204; Hawkins v. State, 125 Ind.,

570; Hall v. Marks, 34 Ill., 358; Kilbourn v. Thompson, 103 U. S., 168; Harris v. Van Derveer, 21 N. J. Eq., 424; Mo. River Co. v. Natl. Bank, 74 Ill., 217; Perkins v. Corbin, 45 Ala., 103; Coleman v. Newby, 7 Kan., 58.) The provision of the constitution, Sec. 2, Art. VIII, "its decisions to be subject to review by the courts of the State," does not confer judicial power. (Auditor v. The Atchison Co., 6 Kan., 301; Elliott App. Pro., Secs. 17, 20, 78; Langenberg v. Decker (Ind.), 31 N. E., 191; Elmore v. Overton (Ind.), 4 N. E., 199; State v. Johnson (Ind.), 5 N. E., 555; High on Injunctions, Sec. 493; Mecham on Pub. Of., Secs. 636-637; State v. Wood (Ind.), 10 N. E., 639; Wilkins v. State (Ind.), 16 N. E., 194; Eastman v. State (Ind.), 10 N. E., 98; People v. Board of Ed., 54 Cal., 377.) The power to decide controversies is strictly judicial, and can only be exercised by a court. (Elliott App. Pro., Sec. 8; Shoulty v. McPheeters, 79 Ind., 373; Gregory v. State, 94 Ind., 384; Columbus v. Board, 65 Ind., 427; Speight v. People, 87 Ill., 595; Campbell v. Board, 118 Ind., 119; 2 Brock., 447; Vandercook v. Williams, 106 Ind., 345; Wright v. Wallbaum, 39 Ill., 555; Daniels v. People, 6 Mich., 380; Rhode Island v. Mass., 12 Pet., 657; In re Cooper, 22 N. Y., 67; Sinking Fund cases, 99 U. S., 700; Maby v. Baxter, 11 Heisk., 682; Tindal v. Drake, 60 Ala., 177; In re Saline Co., 45 Mo., 52; Cincinnati R. R. Co. v. Commissioners, 1 O. St., 77; King v. Dedham Bank, 15 Mass., 454; People v. Supervisors, 16 N. Y., 424; Taylor v. Place, 4 R. I., 324; People v. Board, 54 Cal., 375; Cooley Const. Lim., p. 91; Pressly v. Lamb, 105 Ind., 185; Abbott v. Matthews, 26 Mich., 178; Flourney v. Jeffersonville, 17 Ind., 173.) The same persons cannot under the constitution exercise both executive and judicial powers. (State v. Hyde (Ind.), 22 N. E., 644.) The district court should have permitted an amendment of the appeal proceedings. (Elliott App. Pro., Secs. 377, 635; Murphy v. Consolidated Tank L. Co., 32 Ill. App., 612; James v. Woods (Miss.), 5 S., 106; Travers v. Travers, 1 N. Y. Supp., 357; People's Brewing Co. v. Barbinger, 4 S., 82; McIlhaney v. Holland, 111 Pa. St., 634; New Orleans Ins. Co. v. Albro Co., 112 U. S., 506; Hummer v. Eprata

School Dist., 10 Phil., 494; Carroll v. Jacksonville, 2 Ill. App., 491; Cunningham v. Hopkins, 8 Cal., 34; Robeson v. Lewis, 64 N. C., 734; Territory v. Milroy, 8 Mont., 361; Seward v. Corneau, 102 U. S., 86; Grant v. Conn. Ins. Co., 28 Wis., 387; George v. Lutz, 35 Tex., 694; Berger v. Buttrick, 30 Wis., 153; Wilson v. Allen, 3 How. Prac., 368; Geddis v. Palmer, 60 Miss., 458; Iron Works v. Brooklyn, 85 N. Y., 652.) Appellants' original notice of appeal was sufficient. (Lancaster v. McDonald (Or.), 14 Or., 264; Elliott, 171, 172; Neppach v. Jordan, 13 Or., 246; Weyle v. Sonoma Valley R. R. Co., 69 Cal., 202; Banknight v. Sloan, 17 Fla., 281; Parker v. Denny, 2 Wash., 176; Moorehouse v. Donica, 13 Or., 435; McAllop v. The Latoria, 3 Wash. Ter., 332; Larson v. Utah N. R. R. Co. (Utah), 19 Pac., 196; Swasey v. Adair, 83 Cal., 136; Gruell v. Spooner, 71 Cal., 493; Copehart v. Biggs, 9 N. C., 373; Winter v. McMillan, 87 Cal., 256; Wilson v. Allen, 3 How. Pr., 369; People v. Farbell, 17 How. Pr., 120.) The provision for transfer to board found in Sec. 47, Laws 1890-1, cannot be extended to authorize the transfer over the objection of any one of the parties. (Terpening v. Holton, 9 Colo., 306; Stacey v. M. R. R. Co., 72 Wis., 331; Kinkaid v. Hiatt, 24 Neb., 562; Trenholm v. Morgan, 28 S. C., 268; Kimberly v. Arms, 129 U. S., 512, 523; Patrick v. Richmond D. R. Co., 101 N. C., 602; Smith v. Hicks, 108 N. C., 248; Crocker v. Carrier, 65 Wis., 662; Caruth v. Walter, 91 Mo., 484.) The power to transfer a cause is a special statutory power and cannot be enlarged by construction.

*Lacey & Van Devanter*, for the Springvale Ditch Company.

If the appeal was not properly dismissed, then it is immaterial whether the cause was erroneously transferred, or the board had jurisdiction or not. If the appeal was properly dismissed, it is not material in these proceedings on error that errors were committed prior to such dismissal. There is a defect of parties in this court. The appeal from the board was joint. The order of dismissal was against all appellants jointly. Lizzie Dane is a necessary party. (Shulteis v. Keiser, 95 Ind., 159; Handerlock v. Dundee, 88 Ind., 139; Elliott's App.

Pro., 138-140.)   The motions to dismiss the appeal, and for leave to file amended notice of appeal, and a new undertaking must be brought into the record by bill of exceptions, or else they are not a part of the record; the action of the clerk in putting into the transcript certain alleged motions cannot affect the question, as he can only certify the record as made by the court.   (Kohn v. Lucas, 17 Mo. App., 29; Wash. Ice Co. v. Lay, 103 Ind., 48; State v. Sweeney, 68 Mo., 96; Lewis v. Godman, 129 Ind., 359; Jerault v. Watkins, 27 N. E., 872; Clodfelter v. Hewlitt, 92 Ind., 426; Sleet v. Williams, 21 O. St., 82; Garner v. White, 23 O. St., 192; Holt v. Simmons, 14 Mo. App., 450; Pelton v. Town, etc., 3 Wis., 310; Cleland v. Walbridge, 78 Cal., 358; Fry v. Leslie, 87 Va., 273; Perkins v. McDonald, 3 Wyo., 328.)   The notice of appeal given by "the owners of the Johnston Ditch" was insufficient.   The parties appealing should have been named.   (Laws 1890-91, p. 99, secs. 27-30.)   The undertaking required is one of the things necessary in taking the appeal; therefore no appeal is perfected until the bond is filed.   (Sharon v. Sharon, 68 Cal., 168; Law v. Nelson, 24 Pac., 2; Henderson v. Benson, 141 Mass., 218; Little v. Jacks, 24 Pac., 320; Canfield v. Brig City of Erie, 20 Mich., 160; Elliott App. Pro. Sec. 247; Rozier v. Williams, 92 Ill., 187; Crain v. Bailey, 1 Scann., 321.)   The undertaking was insufficient, First—Because it was signed by one of the appellants only.   Second—Because it ran to two of the appellees, when it should have been to "all the parties in the suit or proceeding."   (Dingler v. Strong, 36 Ill. App., 563.)   In the absence of a statute to that effect the court would not be required to permit an amendment to the undertaking.   (Murphy v. Steele, 51 Ind., 81; Shepard v. Dodd, 15 Ind., 217; McVey v. Heavenrich, 30 Ind., 100; Scolten v. Divelbiss, 46 Ind., 301; Wheeler v. Kuhns, 11 Pac., 97; Duffey v. Greenbaum, 12 Pac. 74 and 13 Pac. 323; Home, etc., v. Wilkins, 12 Pac., 799.)   There must have been a clear abuse of discretion in refusing such an amendment to authorize this court to interfere.   (Kemper v. Trustee, 17 O., 293; Avery v. Ruffin, 4 Ohio, 420; Holt v. State, 11 O. St., 114; Dobbins v. State, 14 O. St., 493; Griffen v. Veil, 56 Mo., 310; Morris v.

Graves, 2 Ind., 354; Tyin v. Halstead, 74 N. Y., 604; Tucker v. Leland, 75 N. Y., 186; State v. Meloney, 79 Ia., 413; Detro v. State, 4 Ind., 200; Ray v. Northrup, 55 Wis., 396; Seymour v. Board, etc., 40 Wis., 62.)

*Brown & Arnold*, for Little Horse Creek Irrigating Company.

After default of plaintiff in error in filing briefs the court was without authority to grant time. The rules of court have the force and effect of law. (Cronkhite v. Bothwell, 3 Wyo., 736.) By analogy to the right of district court to give further time for answer for "good cause shown" it may be concluded that this court may grant further time for filing briefs, but after default it is not a matter of course, but for cause. "Good cause" would seem to be properly shown by motion supported by affidavit. In this cause there was neither motion nor notice of motion—See rule 9. It is doubtful if the court after the time for filing has expired can grant time without consent of defendant in error—See Rule 21. If the board was without jurisdiction, that is a most cogent reason why the judgment of the lower court dismissing the appeal should be sustained. An appellate court acquires no jurisdiction unless jurisdiction existed in the tribunal from which the appeal was taken. (Ridge v. City, 31 N. E., 209; Freeman on Judg., 121; Wicks v. Ludwig, 9 Cal., 175; Doss v. Waggoner, 3 Tex., 315; Leclair v. Globeuski, 4 L. C. Rep., 139; Chaplin v. Com'rs, 18 N. E., 735; Pratt v. Holmes, 10 S., 198; Croban v. Bryant, 36 Wis., 605; Guin v. Rogers, 4 Gilman, 134; Ames v. Bowland, 1 Minn., 368; Dicks v. Hatch, 101 La., 384; Randolph Co. v. Rolls, 18 Ill., 30.) The notice of appeal failed to make all interested persons appellees. That being apparent on the face of the record the motion to dismiss was properly sustained for that reason alone. (Laws 1890-1, chap. 8, sec. 27.) The district court obtains jurisdiction only by a notice of appeal. It cannot therefore permit such notice to be amended and by its own act acquire such jurisdiction. The order of dismissal should be sustained. (First Nat. Bank v. Elevator Co., 50 N. W., 356; Brown v.

Trexler, 31 N. E., 572; McNider v. Sirrine, 50 N. W., 200; Heil v. Simmons, 28 Pac., 475; Ellsworth v. Hail, 10 S., 512; Parker v. Denny, 7 Pac., 892; Butte Co. v. Boydstun, 8 Pac., 835; Williams v. Harper, 10 S., 327; Cadwell v. First Nat. Bank, 28 Pac., 365; Scott v. Burns, 30 Pac., 494; Alexander v. Gill, 30 N. E., 525; Hutts v. Martin, 30 N. E., 693; Lappell v. Joseph, 49 N. W., 1021; Smith v. City, etc., 51 N. W., 253; State v. Classuer, 31 N. W., 16; State v. Brooks, 50 N. W., 43; Marsh v. Degler, 27 Pac., 1073.)   Appeal bonds are sometimes made jurisdictional, and if not in accordance with the statute cannot be amended.   (Crowley v. Reilly, 29 Pac., 14; Ruff v. Hand, 24 Pac., 257; Law v. Nelson, 24 Pac., 2; Dawers v. Durkin, 12 Pac., 60; Sutherland v. Putnam, 24 Pac., 326.)

*W. R. Stoll,* for plaintiffs in error, in reply.

The district court having no power to transfer the case, in legal contemplation it never left that court.   An appeal does not lie from a void order.   (Re Juneman (Tex.) 28 Tex. App., 486; Staub v. Atlantic R. R. Co., 3 N. M., 349; White v. Hobart, 90 Ala., 368; Cromer v. Boinest, 27 S. C., 436.)   The so-called appeal was, in effect, an application to be heard on a case then pending in the court.   Refusal to hear it was not void, but erroneous, and an appeal lies.   Question of jurisdiction may be first raised in the appellate court.   Bell v. Fludd, 28 S. C., 313; Ware v. Heuduson, 25 S. C., 385; Hardin v. Trimier, 30 S. C., 391; Randleman Mfg. Co. v. Simmons, 97 N. C., 89; Murry v. Burris, 6 Dak., 170; Hall v. Wadsworth, 30 W. Va., 55.)   In absence of bill of exceptions, error may be assigned upon the record proper that the court was without jurisdiction.   (Re Gardner, 41 Mo. App., 589.)   The decision being entered on the record, a bill of exceptions is unnecessary.   (Weeks v. Garibaldi, etc., 73 Cal., 599; Plunkett v. Evans (S. D.) 50 N. W., 964; Brown v. State, 29 Fla., 543.)

Conaway, Justice.

The controversy in this cause is in reference to rights to the use of water in Little Horse Creek and its tributaries.

Plaintiffs in error and Lizzie Dane appealed jointly from a

decision of the State Board of Control establishing such rights, to the district court for Laramie county. Their joint appeal was dismissed. The order of the district court dismissing this appeal is attacked as erroneous by plaintiffs in error.

No excuse is shown for not joining Lizzie Dane as party plaintiff in the petition in error. If she declined to be a party plaintiff that fact should be shown. Unless it were also shown that her interest had been divested, it would seem that declining to be a party plaintiff she should be a party defendant.

In the absence of any showing, the failure to make her a party is fatal.

Independently of this, the record presents no question for review by this court. The record shows the order of dismissal, and that to the making of such order plaintiffs in error and Lizzie Dane excepted. Our statute provides that no particular form of exception is required, and that when the decision objected to is entered on the record and the grounds of objection appear in the entry, the exception may be taken by the party causing to be noted at the end of the entry that he excepts. Otherwise, a bill of exceptions is necessary. In this case, the exception was noted at the end of the entry, but no grounds of objection appear in the entry; and there is no bill of exceptions.

Errors antecedent to the final order are alleged, but in no case do the grounds of exception appear in the entry or by bill of exception.

But it is only the final order that may be vacated, modified or reversed in this proceeding. In the absence of legal objection to the final order, legally reserved, the presumption is that such order is correct, and in that case antecedent errors are not prejudicial or material.

The judgment of the district court for Laramie county, dismissing the appeal of plaintiffs in error is therefore affirmed.

Hon. Gibson Clark, being of counsel in the district court, did not sit, and the remaining justices of this court called in

to sit in his place Hon. John W. Blake, Judge of the district court of the second judicial district.

GROESBECK, C. J., and BLAKE, J., concur.