B. W. LEMERT AND S. S. LEMERT v. JENNIE D. ROBINSON.

No. 201.

1. APPELLATE PRACTICE—*Necessary Parties—Foreclosure.* Parties to a foreclosure suit who are served by publication and make default are not, when only barred of any right in the premises, necessary parties to a suit in this court between the mortgagee and defendants who claim the premises.

2. EVIDENCE—*Title—Deed Dated after Commencement of Action.* In a foreclosure suit, it is not error for the court to refuse to permit the introduction in evidence by some of the defendants, to prove title in them, of a deed dated and delivered long after the commencement of the action.

3. ——— *Lack of, on Part of Defendants—Finding of Court.* Where the answering defendants introduce no evidence to maintain the issues upon their part, it is not error for the court to find that they have no interest in the premises.

Error from Finney district court; A. J. ABBOTT, judge. Opinion filed June 20, 1898. Affirmed.

*A. J. Hoskinson,* and *H. F. Mason,* for plaintiffs in error.

*Stanley & Vermilion,* for defendant in error.

The opinion of the court was delivered by

DENNISON, P. J. : The defendant in error has filed a motion to dismiss the petition in error in this case, for the reason that all the parties who may be affected by a reversal or modification of the judgment have not been brought into this court. The parties pointed out by defendant in error as necessary were served by publication and made default. A judgment of foreclosure was taken against them before the trial between the present parties, while the journal entry recites that a personal judgment was rendered against the Tuttles, who were served by publication only. A personal judgment attempted to be rendered against parties without personal service upon them or their general appearance in the case is a nullity.

The only parties who can have any possible interest in the result of our decision in this case are the plaintiffs in error and the defendant in error. The motion to dismiss will be overruled and the case decided on its merits.

The defendant in error, in April, 1892, filed a petition in the district court to foreclose a mortgage on certain property in Finney county, and alleged that "Seibel Schulman claims title to said property, and that the legal title to said real estate is vested in said Seibel Schulman."

On May 26 the plaintiffs in error filed their verified answer, claiming title. On May 27, 1893, a judgment of foreclosure was rendered against all of the defendants except the plaintiffs in error, an order of sale was issued, upon which the property was sold to the plaintiff below, and the sale was duly confirmed on September 29, 1894. On November 28, 1894, a trial was had between the defendant in error and the plaintiffs in error.

The plaintiff introduced her mortgage, dated May 1, 1888, and proved by B. W. Lemert that he had been in possession of the property since about 1890, and until about the middle of 1891 he had paid rent to the agents of the mortgagors, the Tuttles. He called the court's attention to and offered to introduce the journal entry of judgment rendered in this action on May 27, 1893.

The plaintiffs in error offered to introduce in evidence a warranty deed from Schulman and wife to B. W. Lemert, dated March 4, 1893, and acknowledged March 7, 1893. The deed is a conveyance to Lemert of the real estate described in the mortgage, and recites that the said real estate is free from all liens and incumbrances except taxes and mortgage liens.

We have done the best we could to make a fair statement of the facts in this case from the case-made. We find the case-made contradictory, and some of its statements must be untrue. As an illustration, we find the case-made, on page 27, states that "on the 22d day of July, 1893, the court rendered its judgment," etc.; and the journal entry of judgment, on page 28, commences, "And now, on this the 27th day of May, 1893," etc., and over the word "May" is written the word "July" in lead-pencil, and the filing mark shows that it was filed by the clerk July 22, 1893. Again, the case-made, on page 47, states that the deed which the defendants Lemert and Lemert offered to introduce purports to have been made on the 4th day of March, 1892. A copy of the deed which was excluded as evidence by the court is dated March 4, 1893, and is acknowledged on March 7, 1893. The seventh finding of the court is as follows:

"The court further finds, that on the 4th day of March, 1892, defendant Seibel Schulman and Mary

Schulman executed to the defendant B. W. Lemert a deed to said property, clear of all incumbrance, except taxes and mortgage liens against said property, and that on the 7th day of March, 1892, the said Seibel Schulman duly acknowledged the execution of said deed before C. S. Ingersoll, a justice of the peace.''

It is repeatedly stated in the brief of the plaintiffs in error that the petition alleges that the legal title is in Schulman. The allegation of the petition is, that "the defendant Seibel Schulman *claims* title to said property under and by a sheriff's deed," etc. Several of the legal propositions are based upon this erroneous theory, and cannot be maintained.

The plaintiffs in error introduced no evidence. The court finds that Schulman's deed, which the Lemerts offered to introduce in evidence, is dated March 4, 1892. There is no evidence to support this finding. If the deed had been admitted in evidence it would have established its date as March 4, 1893.

This action was commenced in April, 1892. Lemerts was then living on the premises. Schulman's interest was foreclosed by the judgment of May 27, 1893. The deed which Lemerts introduced as their evidence of title was dated about eleven months after the commencement of the suit. It was properly excluded by the court. There being no evidence introduced upon the part of the plaintiffs in error, the court correctly found that they did not have any interest in the premises.

Some other errors are suggested, but because of the condition of the case-made we will not consider them.

Before leaving this case, we feel called upon to notice a statement in the brief of the defendant in error which is intended to reflect upon R. W. Hoskinson. There is nothing in the record to bear out the state-

ments made by the counsel that he accepted employ-
ment from the defendant in error " through the agency
of his father." We see no impropriety in an attorney
and his father representing opposite parties in a case,
if they are not associated together in the practice of
law. The fact that the proceedings which young Hos-
kinson instituted were legal and that the case was
won for his client ought certainly to speak more in
his favor than the reflections of his associate counsel
will against him.

The judgment of the district court is affirmed.