TURNER v. BINNINGER ET AL.

(No. 2179; September 25, 1940; 105 Pac. (2d) 574)

In support of the motion to dismiss, there was a brief by *Erle H. Reid* of Torrington.

In resistance to the motion there was a brief submitted by *Judson P. Watson* of Lusk.

RINER, Chief Justice.

This cause is before the court upon a motion to dismiss the appeal proceeding, the motion being filed in behalf of the intervenor, defendant and respondent, Olive May Sage. The question raised thereby is whether certain persons named and served with process as de-

fendants in the district court are necessary parties to this appeal. These are the facts as we understand them:

Caroline A. Duckworth gave a first mortgage dated August 11, 1920, for $1500.00, due November 1, 1925, upon certain lands situate in Goshen County, Wyoming. Thereafter, but on the same date, she executed a commission and second mortgage for $313.32. The first mortgage ultimately became the property of Olive May Sage by bequest from her deceased former husband, Webster G. Binninger. This second mortgage was subsequently foreclosed by advertisement and the plaintiff and appellant Turner became the purchaser at the sale held thereunder. On March 13, 1939, the Sheriff of Goshen County executed to said Turner a sheriff's deed to the lands aforesaid.

In 1924 Caroline A. Duckworth, the mortgagor, sold to Jacob J. Stuckey, and he to Joseph A. Stuckey, the property involved, subject to these mortgages. Payment in full apparently was never made on the indebtedness undertaken to be secured by either mortgage. Sometime in 1928 Caroline A. Duckworth left Wyoming and has never returned to this State.

The plaintiff Turner on June 12, 1939, commenced in the district court of Goshen County an action to quiet his title to said lands, naming Binninger as defendant therein. July 28, 1939, Olive May Sage filed her motion in said court for leave to intervene in the action and in said motion alleged that Caroline A. Duckworth and the two Stuckeys were proper and necessary parties to a foreclosure of the mortgage held by her. Thereafter, the parties, Olive May Sage and W. H. Turner, stipulated in the action to quiet title that she should be substituted for Webster G. Binninger; that she, Caroline J. Duckworth, and J. J. and J. A. Stuckey should be made defendants; that Olive May Sage should be permitted to file an answer and

cross-petition in said action to quiet title and for process against Caroline A. Duckworth and her grantee, J. J. Stuckey, and his grantee, Joseph A. Stuckey. This agreement was approved by the court through appropriate order made.

Accordingly Olive May Sage filed her answer and cross-petition on March 8, 1940, whereby she sought a foreclosure of her mortgage against all other parties involved. The plaintiff, Turner, thereupon filed his separate demurrers to her pleadings. The defendants Caroline A. Duckworth and the two Stuckeys, though duly served with process, filed nothing and did not appear in the action in the district court. That court overruled plaintiff's demurrers and, plaintiff indicating that he would not plead further, trial was had, during the course of which plaintiff introduced no evidence, while Olive May Sage, the intervenor, submitted proof in support of her cross-petition for foreclosure. It appears that one of the questions undertaken to be raised by plaintiff's demurrers was whether the Statute of Limitations had affected the validity of the intervenor's mortgage. Judgment was entered in favor of Olive May Sage and against the plaintiff Turner. Caroline A. Duckworth and the Stuckeys were adjudged to be in default and judgment thereon in intervenor's favor was therefore entered against them. The first mortgage held by intervenor Sage was ordered foreclosed.

Said judgment found among other things that:

"sometime prior to the year 1938 said Caroline A. Duckworth left the State of Wyoming and since that time has resided either in the State of Idaho or the State of Oregon and has never returned to nor resumed her residence in Wyoming, and that the running of the Statute of Limitations against said mortgage debt was tolled by her departure from the State of Wyoming, and that the time of her absence from Wyoming is not to be computed as a part of the period within which action against said debt could be brought, and

that the said mortgage debt has not been barred by the Statute of Limitations and is still a valid and subsisting obligation, and the mortgage securing the same is still a valid, subsisting, first and prior lien on the mortgaged premises . . . . . and superior to any right, title or interest of the plaintiff therein; . . . that the interest of the plaintiff W. H. Turner in said lands arises by virtue of the foreclosure of a commission mortgage . . . . of even date with the mortgage of the cross-petitioner (which) expressly recites that it was subject and junior to the mortgage of the cross-petitioner (and was) foreclosed by advertisement (which advertisement) recited that the mortgage premises would be sold subject to a first mortgage of record . . . . . in the sum of $1500 (this being the Sage mortgage) ; that the plaintiff acquired any interest he has in the said lands by virtue of said foreclosure . . . . subject to the cross-petitioner's interest therein, and that the plaintiff is estopped to question the priority of the lien of the cross-petitioner's mortgage . . ."

The judgment found also that the amount adjudged to be due intervenor was "a lien prior and superior" to all the rights of the plaintiff. The lands aforesaid were ordered sold by the Sheriff of Goshen County, foreclosing and forever barring the plaintiff from asserting any rights in the land except under his right of redemption.

Turner brought this appeal after reserving due exceptions to these findings and judgment. His notice of appeal was in due time served upon Olive May Sage, but the defaulting defendants, Caroline A. Duckworth, Joseph A. Stuckey and Jacob J. Stuckey, were never served with notice of appeal in the present proceeding. By the motion to dismiss of the intervenor below, Olive May Sage, it is asserted that they were essential parties in this Court and a dismissal of the appeal should be ordered on that account. By stipulation the disposition of said motion was submitted upon briefs filed in behalf of both Turner and Sage and without oral argument.

In support of this motion our attention is directed to the decisions of this Court in In re Water Rights in Big Laramie River, Pioneer Canal Co. et al. v. Akin et al., 27 Wyo. 88, 192 P. 680, 193 P. 734; Johnson et al. v. Little Horse Creek Irrigating Co. et al., 4 Wyo. 164, 33 P. 22; and Wyoming Hereford Ranch v. Hammond Packing Co., 31 Wyo. 31, 222 P. 1027. The decisions in these cases, as we think, are not of aid here except as they state "general principles to be considered in determining who or who may not be necessary parties to an appellate proceeding" of the character of the case at bar. All these cases were decisions dealing with water rights. They present no such facts as we deem controlling in the matter now before us.

However, in the Pioneer Canal Company case, supra, it is pointed out, quoting from 3 C. J. 1014, that:

" 'The general rule is that all parties in favor of whom a judgment or decree has been rendered below, or who are interested in having such judgment or decree sustained, or whose interest will necessarily be affected by a reversal or modification of such judgment or decree, and all coparties of appellant or plaintiff in error, who are interested, and who are not made coappellants or coplaintiffs in error, must be made appellees, respondents, or defendants in error, and for lack of proper or necessary parties a petition or writ of error will be dismissed.' "

In the same opinion the court speaking of water right cases thereafter says: "Each party, to a certain extent at least, becomes an adversary of every other party."

In the Wyoming Hereford Ranch case, supra, the court used this language, appearing in 3 C. J. 1216, Section 1319:

" 'The general rule is that all parties to the cause below whose interests may be adversely affected by the judgment on appeal are entitled to notice of the appeal, except in those jurisdictions where the appeal is taken and perfected in open court, and the appellee is bound

to take notice thereof to the same extent as to the rendition of the judgment or other proceedings in the cause. * * * On the other hand, as a rule, persons not parties, or parties whose interests can not be affected by the judgment on appeal, need not be served with notice. Notice need not be given to a mere unnecessary or formal party. * * *.' "

We are inclined to think that the following authorities are of especial aid in properly disposing of the motion under consideration:

3 C. J. 1005, Section 951, says that:

"It has been laid down as a general rule in numerous cases that parties who have suffered a default need not be made parties to an appeal, but statutes and special circumstances sometimes require this to be done."

It may be noted in this connection that this statement is substantially reiterated in 4 C. J. S. 854, Section 391.

In the early California case of Randall v. Hunter, 69 Cal. 80, 10 P. 130, the court said that:

"Now, it appears here that Gill has not appealed, and the judgment appealed from was rendered against him by default. If the judgment as to Hunter is reversed, it would still stand unreversed as to Gill, and therefore he would not be affected by a reversal. If the judgment is affirmed, the judgment appealed from would remain unchanged, and manifestly Gill's interest would not be affected by the judgment of affirmance. Whatever modification might be made of the judgment rendered by the court below, or whatever judgment might be here rendered, the judgment by default would still remain against Gill."

The opening paragraphs of the opinion of the court filed in Lemert et al. v. Robinson, 7 Kan. App. 756, 53 P. 485, read:

"The defendant in error has filed a motion to dismiss the petition in error in this case, for the reason that all the parties who may be affected by a reversal or modification of the judgment have not been brought

into this court. The parties pointed out by defendant in error as necessary were served by publication and made default. A judgment of foreclosure was taken against them before the trial between the present parties, while the journal entry recites that a personal judgment was rendered against the Tuttles, who were served by publication only. A personal judgment attempted to be rendered against parties without personal servcie upon them or their general appearance in the case is a nullity.

"The only parties who can have any possible interest in the result of our decision in this case are the plaintiffs in error and the defendant in error. The motion to dismiss will be overruled and the case decided on its merits."

Treating of necessary parties to foreclosure proceedings on appeal 42 C. J. 178, Section 1794, says: "A person whose rights cannot be affected by the judgment on appeal is not a necessary party to the appeal."

In Rabinowitz v. Houk, 100 Fla. 44, 129 So. 501, it was said:

"Here the demurrer of one of the defendants was overruled. The other defendants were in default and could not demur, nor appeal. The contesting defendant alone appealed. This appeal might possibly benefit the omitted defendants; but it could not injure them. It is not an appeal from a decree vesting in them, or adjudicating in their favor, any rights . or interests whatsoever; but it is an appeal from a decree in favor of an adverse party. There was, therefore, no necessity for their own protection, for the contesting defendant to bring them in as coappellants. They were in default when the demurrer was filed by their codefendant in his own name, and the court's order thereon made, and were still in default when the appeal from the order was taken. They could not have appealed from such order themselves, nor was it necessary for the contesting defendant to join them in his appeal."

The United States Circuit Court of Appeals for the Second Circuit in New York Trust Co. v. Stevens et al.,

33 Fed. (2d) 104, 79 A. L. R. 1007, in the course of its review of a decree in foreclosure said this:

"The appellee has moved to dismiss the appeal upon the ground that it was taken without summons and severance as to the other parties. The defendants to the bill of foreclosure, which was consolidated with the sequestration bill, were the mortgagor, the Island Oil Marketing Corporation, the receivers of both companies, and the Antillian Corporation, the plaintiff in the sequestration suit. The decree was taken pro confesso against all the parties, except the receivers, who alone filed an answer. It was not, therefore, necessary that any one but the receivers should appeal, or be detached from the appeal. Winters v. U. S., 207 U. S. 564, 28 S. Ct. 207, 52 L. Ed. 340."

We find in Smith v. Curreather's Mercantile Co. et al., 76 Okl. 170, 184 P. 102, that in an action by Smith to foreclose a chattel mortgage given by T. D. Huckaby and N. D. Harris and to secure possession of the personal property described therein, the defendant mortgagors made default, whereupon one C., who had secured a mortgage from Huckaby and Harris upon the same property after the petition of Smith had been filed, intervened. Thereafter the cause proceeded between Smith and C. for the sole purpose of determining their rights under their respective mortgages, and final judgment was rendered in favor of C. Smith thereupon appealed without making Huckaby or Harris parties. The Supreme Court of Oklahoma held that the parties last named were not necessary parties on the appeal. See also McKeany v. Black, 114 Cal. XVI, 46 P. 381; Home Savings & Loan Ass'n. v. Burton et al., 20 Wash. 688, 56 P. 940; Clarke et al. v. Boyson et al., 39 Fed. 2d (C. C. A. 10th Circuit) 800.

A careful consideration of the foregoing authorities as applied to the facts presented by the present record leads us to think that this controversy between the two mortgage lien claimants to the property aforesaid can

hardly affect the rights of the defaulting mortgagor or her grantee or the latter's grantee, of the premises involved. If the judgment attacked should be affirmed they will be in no worse position than they are at present. If that judgment should be reversed or modified it may be possible their position would be even improved. At any rate their situation could not, so far as we can perceive, be changed for the worse. The default judgment entered against them in the district court has become final. Their rights of redemption concerning the premises affected will, as we see it, in no wise be prejudiced any more than they now are. As we have already noted Caroline A. Duckworth and the Stuckeys were brought into this litigation for the purposes of the intervenor, i. e., that she could foreclose her mortgage properly. They were, of course, necessary parties to that proceeding which was embodied in her cross-petition. But we fail to see how they could be affected by a determination of the validity as regards each other of the two mortgages respectively under which intervenor and plaintiff claim.

Nevertheless if in what has above been said we have misinterpreted or overlooked anything appearing in the record in any way, this fact can be drawn to our attention on final hearing on the merits of the appeal and be remedied when the cause is finally disposed of here. The motion to dismiss will accordingly be denied.

*Denied.*

KIMBALL and BLUME, JJ., concur.