CONTINENTAL & COMMERCIAL TRUST & SAVINGS BANK et al. v. COREY BROS. CONST. CO. et al.

(Circuit Court of Appeals, Ninth Circuit. May 19, 1913.)

No. 2,264.

APPEAL AND ERROR (§ 323*)—PARTIES—JOINDER—SEVERANCE.

Under the rule that, where a decree is joint, all the parties against whom it was rendered must join, or the appeal will be dismissed, where a decree establishing certain mechanics' liens was rendered against several defendants, and only two of them appealed, and it did not appear that any of the other defendants joined in the appeal, or were notified to appear and failed to do so, or that the court granted an appeal to appellants alone as to their own interest, the appeal would be dismissed.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1796, 1798–1805; Dec. Dig. § 323.*]

Appeal from the District Court of the United States for the Southern Division of the District of Idaho; Frank S. Dietrich, Judge.

Action by the Corey Bros. Construction Company to foreclose a mechanic's lien on an irrigation system, the property of the defendant Big Lost River Irrigation Company, in which the Union Portland Cement Company intervened to foreclose a lien for material, against the Continental & Commercial Trust & Savings Bank and Frank H. Jones, trustees under a mortgage to secure bonds, and others. From a decree in favor of complainants, and decreeing that complainants' liens were prior to the mortgage, the Continental & Commercial Trust & Savings Bank and Frank H. Jones appeal. Dismissed.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Mayer, Mayer, Austrian & Platt and Amos C. Miller, all of Chicago, Ill., and Richards & Haga, of Boise, Idaho, for appellants.

H. H. Henderson, of Ogden, Utah, for appellees.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

PER CURIAM. Corey Bros. Construction Company, a Utah corporation, filed in the court below a bill to foreclose a mechanic's lien upon an irrigation system, the property of the defendant Big Lost River Irrigation Company, an Idaho corporation. The American Trust & Savings Bank, now the Continental & Commercial Trust & Savings Bank, and Frank H. Jones, both of Illinois, trustees named in a deed of trust relating to bonds issued in connection with such irrigating system, were also made defendants. The Union Portland Cement Company of Utah intervened, and prayed for the foreclosure of a lien for material furnished through the complainant to the Big Lost River Company.

Other defendants were Nephi and Ephriam Hansen, copartners as Hansen Bros., K. L. Molen and R. E. Kutler, copartners as Molen & Kutler, J. W. Curd and N. Foss, copartners as Curd & Foss, K. L. Molen and Jesse Molen, copartners as Molen & Molen, David Chamberlain and Thomas Chamberlain, copartners as Chamberlain Bros., Frank Hess, S. H. Walton, F. L. Pinney, William Mooney, and Frank H. Jones, who claimed liens as subcontractors under the complainant.

The bill prayed for a decree that the lien of complainant be fixed upon all the property of the Big Lost River Irrigation Company, that in default of payment of sums claimed the property of the defendant company be sold and the proceeds applied to the payment of the contract and lien, that a receiver be appointed, and that the interests of the defendants American Trust & Savings Bank and Jones be decreed to be inferior and subsequent to complainant's claims.

As the result of trial a decree was made in favor of complainant for the amount of its claim, and in favor of the intervenor, awarding to them first liens and fixing their respective liens as ahead of those of the Bank & Trust Company, heretofore named, and superior to and prior to any of the claims or liens of the other defendants hereinbefore named.

Sale of the property of the Irrigation Company was ordered, unless payment was made by it or by any of the other defendants. Equity of redemption of the defendants was to be forever barred, and terms of sale were prescribed in detail, the purchaser to hold the property free from all the liens of all the parties to the suit.

From this decree, rendered December 27, 1912, the Continental & Commercial Trust & Savings Bank and Frank H. Jones, trustees, appealed. Appeal was allowed March 26, 1913. It does not appear that any of the other parties defendant against whom the decree is rendered join in the appeal, or that they or any of them were notified to appear, and that they or any of them had failed to appear, or, if appearing, had refused to join in the appeal. Such a situation compels us to order a dismissal of the appeal.

The Supreme Court, in Masterson v. Herndon, 77 U. S. (10 Wall.) 416, 19 L. Ed. 953, held that it was established that, where the decree is joint, all the parties against whom it is rendered must join in the appeal, or it will be dismissed. The court said:

"We think there should be a written notice and due service, or the record should show his appearance and refusal, and that the court on that ground granted an appeal to the party who prayed for it, as to his own interest. Such a proceeding would remove the objections made to permitting one to appeal without joining the other; that is, it would enable the court below to execute its decree, so far as it could be executed, on the party who refused to join, and it would estop that party from bringing another appeal for the same matter. The latter point is one to which this court has always attached much importance, and it has strictly adhered to the rule under which this case must be dismissed, and also to the general proposition that no decree can be appealed from which is not final, in the sense of disposing of the whole matter in controversy, so far as it has been possible to adhere to it without hazarding the substantial rights of parties interested." Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39, 36 L. Ed. 933; Sipperley v. Smith, 155 U. S. 86, 15 Sup. Ct. 15, 39 L. Ed. 79; Loveless v. Ransom, 107 Fed. 626, 46 C. C. A. 515; Provident Life & Trust Co. v. Camden et al., 177 Fed. 854, 101 C. C. A. 68; Ibbs v. Archer, 185 Fed. 37, 107 C. C. A. 141; Grand Island & W. C. R. Co. et al. v. Sweeney, 103 Fed. 342, 43 C. C. A. 255.

Holding, therefore, that we are without jurisdiction, the appeal will be dismissed, without prejudice to another appeal on a record not liable to the objections made to this.