[OCTOBER TERM, 1920.]

## IN RE WATER RIGHTS IN BIG LARAMIE RIVER. PIONEER CANAL CO. ET AL v. AKIN, ET AL. (No. 781; Decided October 4, 1920; 192 Pac. 680) (Rehearing denied December 13, 1920; 193 Pac. 734)

APPEAL AND ERROR—COMMENCEMENT OF PROCEEDINGS IN ERROR—LIMITATION—PETITION AND SUMMONS IN ERROR—NECESSARY PARTIES TO ERROR PROCEEDINGS—WATER RIGHT ADJUDICATIONS—FAILURE OF SERVICE FATAL TO JURISDICTION—WATER LITIGANTS NOT "UNITED IN INTEREST"—ALIAS SUMMONS IN ERROR—SERVICE PERIOD DATES FROM ISSUANCE OF SUMMONS.

1. Since there is no statute specifically prescribing what shall constitute the commencement of proceedings in error within the meaning of the provision limiting the time therefor, the provisions of the code of Civil Procedure as to the commencement of actions and prescribing a rule for determining whether or not the action has been commenced within the meaning of the statute of limitations are applicable by analogy to proceedings in error.

2. Proceedings in error are "commenced" within the meaning of Comp. Stats. 1910 Sec. 5122 when the petition in error is filed and the summons in error issued, if the issuance and service of summons have not been waived, this rule being analogous to that prescribed by Comp. Stats. 1910, Secs. 4305, 4306, 4351 relating to the commencement of actions within the statute of limitation.

3. All parties to the action in the Court below whose interest would be affected by a reversal of the judgment, are necessary parties to proceedings in error and must be served with summons, unless they appear.

4. The general rule requiring all interested parties to be joined in proceedings in error applies especially in proceedings for the adjudication of the priority of water rights where the over ruling of motions for new trial is

one of the rulings complained of, since the granting of such motions would require a new trial of all the issues and affect all of the parties, thus opening the question of quantity or order of priority, or perhaps both, of every appropriator of the water of the stream.

5.  A failure to serve a single necessary party to proceedings in error within the time limited is just as fatal to the jurisdiction of the appellate court as if a great number of parties were omitted.

6.  Parties may be necessary parties to proceedings in error and yet not be "united in interest" with other defendants in error. In order that defendants in error can be considered so "united in interest" that service on one can be considered equivalent to service on another within the provisions of Comp. Stats. 1910, Sec. 4305, so as to favor the jurisdiction of the appellate court, they must have such a unity of interest as to be deemed representative of each other; they must be privities.

7.  Comp. Stats. 1910, Sec. 4357 authorizing alias summons which is in the chapter regarding service, does not repeal or modify the chapter and provisions regarding the limitation of actions so as to extend the time within which proceedings in error must be commenced, where alias summons had been issued for defendants in error not served on original summons.

8.  Comp. Stats. 1910, Secs. 4305, 4351 and 4352 defining commencement of civil actions under which proceedings in error are deemed commenced, when the petition is filed and summons issued, the 60 days within which service can be made in person or by publication on defendants in error, begins to run from that date, and not from the date on which the original summons was made returnable.

ON PETITION FOR REHEARING.

9.  In a water rights controversy, where it was assigned as error in a motion for a new trial that priority of rights and quantity of water were incorrectly determined by the trial court, all of the parties to the cause are necessary parties to proceedings in error.

10.  The burden of showing that defendants in error who had not been served, were necessary parties to proceedings in error does not rest upon defendants in error, moving to dismiss the proceedings, where no dismissal had been entered as to defendants in error not served, and the

record shows that each has an interest in the water rights sought to be adjudicated.

ERROR to the District Court, Laramie County; RODERICK N. MATSON, Judge.

Proceedings for the adjudication of priority of the right to the use of the water of the Big Laramie River and its tributaries, which were instituted as provided by the statute by the filing with the State Board of Control claims of right by individuals and such contests by others against such individual claims as were filed under the statutory provisions. There were appeals from the order of the Board of Control to the District Court, which appeals were consolidated and judgment rendered thereon. Several motions for new trial were filed and over ruled and the Pioneer Canal Co. and others bring error against Arthur M. Akin, the Wyoming Development Company and others. Heard on motion of the Wyoming Development Company to dismiss the proceedings in error. (See also 23 Wyo. 450; 153 Pac. 890.)

*John D. Clark and Avery Haggard,* for Motion to Dismiss.

There is a defect of parties since service was attempted by publication on 36 defendants and also upon some 43 substituted defendants; the ·first· publication, however, was not made within one year from the entry of the order over ruling the motions for new trial, and the proceedings were therefore not commenced in time as.to defendants served by publication; said defendants are not united in interest and the service upon some one or more of them without serving all, will not confer jurisdiction or constitute a commencement of proceedings in error; the provisions of Sec. 4305 C. S. 1910 apply by analogy to proceedings in error. (Caldwell v. State, 12 Wyo. 206; Lobel v. Oil Co., 19 Wyo. 170); the statute comes from Ohio and the rule is established there, (Snyders Exrs. v. Young, 72 O. St. 494; Buckingham v. Bank, 21 O. S. 131); failure to

serve one necessary party defeats the jurisdiction, (Bank v. Clingian, 26 Okla. 150; 109 Pac. 69); in the above case the Court found a unity of interest within the meaning of the statute distinguishing the case from that of Wedd v. Gates, 15 Okla. 602; 82 Pac. 808; a unity of interest must be construed as meaning an interest similar to that of joint contractors, (36 Cyc. 1119). Constructive service was not gained upon defendants in error through a personal service had on his co-defendants in error nor by making them parties to the proceedings in error by publishing summons under Sec. 4305 C. S. 1910; the proceedings were not commenced as against defendant served by publication until more than one year and seven months from the date of the final order, nor was service thus had within 60 days of the attempt to commence the proceedings so as to entitle plaintiffs in error to the benefit of Sec. 4306 C. S. 1910. The attempt referred to in the brief of counsel is the issuance of the original summons in error on June 3, 1914, and was not followed by the service within 60 days; this Court indicated in its former opinion that if the original summons was duly served, the action will have been commenced in time, as the summons was issued within the time limited for commencing the same; (School District v. Fisher, 23 Okla. 9; 99 Pac. 646). In this case the alias summons was not issued within one year nor served within 60 days after the issuance of the first summons; the attempt specified in Sec. 4306 was not followed by service; the general rule is that all parties to a judgment are necessary parties on appeal or review, (3 C. J. 1014, 1035, 1218). Ordinary compliance with regulations as to appeals is necessary, (4 C. J. 565). In this case the rule has particular application since all of the parties are adverse contenders in a water right controversy, and it is obvious that they are necessary parties, (Davis v. Trust Co., 152 U. S. 590; Johnson v. Irrigation Co., 4 Wyo. 164; Simpson v. Greeley, 20 Wall. 152, 87 U.

S. 152; Hampton v. Rouse, 13 Wall.; C. & C. T. 'S. Bank
v. Const. Co., 205 Fed. 282; Kidder v. Fidelity Co., 105
Fed. 821; Dodson v. Fletcher, 78 Fed. 214; Billy v. Heirs
of Gray, 35 Okla. 430; 130 Pac. 533; Crouch v. Dakota
Ry. Co., 22 S. D. 263; 117 N. W. 145; Richardson v.
Thompson, 59 Neb. 299; 80 N. W. 909; Tupelo v. Cook,
153 Pac. 164; Bank v. Jacobs, 26 Okla. 840, 111 Pac. 303;
Boyd v. Robinson, 149 Pac. 1146; White Lumber Co. v.
Beasley, 146 Pac. 1082; Davis v. Merc. Co., 152 U. S. 590);
the summons in error has not been served in the required
time on numerous parties to the decree who, for that
reason have not been made parties to the proceedings in
error notwithstanding the fact that they are necessary
parties. The proceedings should therefore be dismissed.

*N. E. Corthell,* Opposing Motion to Dismiss.

The general subject of jurisdiction was disposed of in
the former hearing, in re Big Laramie River, (23 Wyo.
75); whether service was accomplished within 60 days
from the original attempt is a question that would not
invalidate the appeal, nor affect the jurisdiction of the
court, (3 C. J. 103); (Thomas v. Green Co., 146 Fed. 969);
a motion on this ground is a general appearance; (Hud-
son v. Hoff, 18 Wyo. 425; Honeycutt v. Nyquist, 12 Wyo.
183; 2 Am. Ency P. & P. 632). The character of the relief
sought in the second ground of the motion, viz: that there
is a misjoinder of plaintiffs in error is a waiver of the
question of jurisdiction; defendants are disqualified to
raise a point of service in behalf of others not served;
(Frost v. Co., 81 Pac. 996; Crippen v. Glascow, 87 Pac.
1073; Ditch Co. v. Irr. Co., 41 Colo. 212; Wangerien v.
Aspell, 47 O S. 250); a return of the original writ ''not
summoned'' entitles one to alias writs until service is ac-
complished, (4357 C S.). Proceedings may be had against
those served, (4373 C. S.) statutes of limitations do not
run against absentees, (4307 C. S.). The service is amend-
able (4437-38 C. S. 1910), (Green Co. v. Thomas's Execu-

tor, 211 U. S. 598, 601; Thomas v. Green County, 146 Fed. 969, 970, 971; Martin v. Burford, 176 Fed. 554; Gilbert v. Hopkins, 198 Fed. 849, 851; Teel v. C. & O. R. R. Co., 204 Fed. 914, 917; Rininger v. Puget Sound R. R. Co., 220 Fed. 419, 420; Clinchfield Fuel Co. v. Titus, 226 Fed. 574, 576). The court may proceed and consider the rights of those served (3 C. J. 1034); (Walters v. Treasurer Min. Co., 21 N. M. 275; 153 Pac. 615; Watson v. Noonday Min. Co., 37 Ore. 287; 55 Pac. 867). The relief sought against the development company is to diminish the appropriations and postpone the priorities and this may be done without affecting other defendants, an attempt to commence an action is equivalent to commencement if diligent; (4306 C. S.); the return of the summons unserved fixes the character of the act as an attempt instead of service; the purpose of the statute is to save an action from defects of service, (Clause v. Saving Assn., 16 Wyo. 450). Strained or artificial constructions of the statutes are not favored by the court, (Johnson v. Irr. Co., 13 Wyo. 208); other illustrations may be found in (Canaday v. Davis, 79 Kan. 816, 101 Pac. 626; Bellinger v. Barnes, 221 Ill. 240, 77 N. E. 421; Dr. Koch Tea Co. v. Davis, 145 Pac. 337; Bowen v. Bowen, 36 O. S. 312, 314; McLaren v. Meyers, 87 O. S. 88, 95.) Alias writs are mere continuations of the original process, in re Big Laramie River, (23 Wyo. 454; Hixon v. Vail, 85 O. S. 325, 327); the liberal interpretation· required by Sec. 4263 C. S. and declared in adjudicated cases will apply, (Stirling v. Wagner, 4 Wyo. 5; Conway v. Co., 6 Wyo. 327; Harden v. Card, 14 Wyo. 479). Who are parties united in interest within the meaning of Sec. 4305 C. S.? The case of Smetters v. Rainey, 14 O. S. 287 has been a trouble maker in the Ohio courts for many years. (Abair v. Bank, 3 O. C. C. 290; Snider's Exe. v. Young, 72 O. S. 494; 74 N. E. 822). It was considered in Buckingham v. Bank, 21 O. S. 131 and in Wangerain v. Aspell, supra. The court approached the question from a

different angle and an interesting result is found in Snider
v. Hawes, 37 O. S. 532, 544; Bradford v. Andrews involved
a will contest. In Moore v. Chittendon, 39 O. S. 563 recog-
nized the theory that there may be necessary parties who
are not united in interest but instead of dismissing the en-
tire proceeding, dismissed only as to absent necessary
parties; departing from the Ohio decisions, we find the
cases dealing with the subject of necessary parties so
numerous that it is practicable to apply only a small per-
centage of them, influenced as they are by variant stat-
utes and sometimes by the exigencies of courts as in Okla-
homa and Kansas to rid themselves of an over-supply of
appeals. In Seibel v. Bath, 5 Wyo. 409 it was held that
several judgment and lien creditors of a common debtor
were not jointly interested, but that it was doubtful if
the omission of one in an appeal created a defect of par-
ties. In Evans v Cheyenne Co., 20 Wyo. 188, held that a
surety on an appeal bond against whom judgment was
rendered with his principal in the district court below
was not a necessary party on appeal. Practically all of
the non-resident defendants defaulted before the Board
of Control and the District Court after due service of
notice; they would therefore not be interested nor would
they have a right to contest the claim. (Boob v. Hall, 40
Pac. 117; Randall v. Haute, 10 Pac. 130; Ry. Co. v. John-
son, 34 Pac. 567; Essency v. Essency, 38 Pac. 1130; Zink-
risen v. Lewis, 83 Pac. 28). Under the ancient practice
of summons and severance, where judgment rendered
against two or more jointly, one might appeal by serving
notice on his co-parties and giving him his choice of join-
ing or being omitted. (3 C. J. 1010). The Ohio cases
may not throw much light upon the question as to who
are necessary parties in statutory water proceedings. We
find no court decision in the arid region supplying au-
thority for defendants continuation; the nearest approach
being McLean v. Farmers Co., 14 Colo. 184, where it was

held that an injunction suit against the water commission renders appropriators indispensable parties; a similar rule has been applied in analogous proceedings relating to changing the point of diversion, (Lower Co. v. Irr. Co., 41 Colo. 212), and denied in a proceeding to abate a nuisance resulting from the diversion dams in Bliss v. Grayson, 56 Pac. 231; Frost v. Irr. Co., 19 Id. 372; Eagan v. Estrace, 8 Ariz. 248; Gunnison Irr. Co. v. Gunnison Co., 174 Pac. 852; the rule applies only to joint judgments or decrees, (Winters v. U. S., 207 U. S. 564; South Side Co. v. Burson, 147 Cal. 401; 81 Pac. 1107); it is not the practice in Oregon, (Umatilla River, 168 Pac. 922). A contest between individual appropriators may be had (3 Kinney 1589) on appeals to the District Court in contest proceedings, only persons having adverse interest to appellants shall be joined (779 C. S.). This court refused to dismiss an appeal on the ground that one of the appellants from the Board of Control, against whom a joint judgment of dismissal was filed in the district court, had not joined in the appeal here, (Johnson v. Irr. Co., 4 Wyo. 164); the same rule was announced in Daley v. Anderson, 7 Wyo. 1. Another case is that of Inv. Co. v. Carpenter, 9 Wyo. 110. Non-resident defendants were duly summoned by publication within 60 days after the failure of personal service in a proceeding commenced in due time; moreover, such absentees, if necessary appellees at all, are such because of their unity of interest in the general adjudication and were therefore affected by service on the Development Company.

*John D. Clark and Avery Haggard,* in Reply.

It is not true that appropriatiors named as defendants defaulted before the Board of Control and in the District Court, since judgment was rendered in their favor for recorded appropriations; but all of the omitted parties are not in that catagory, and the omission of one has the same effect as the omission of many; Thomas v. Green

County, does not seem to be in point; a necessary party
not served in time cannot even by entry of appearance
confer jurisdiction and prevent dismissal; (Wedd v. Gates,
15 Okla. 602). The objection of defect of parties can be
raised by those made parties, 4357 C. S. 1910, relating to
alias writs does not extend the period of limitation in
any manner in conflict with the special provisions of the
chapter on the subject. The purpose of Sec. 4307 C. S.
is to save the cause of action where service is impossible;
Sec. 4437 C. S. does not permit an amendment that will
circumvent the statute of limitations; counsel cited no
authority supporting his contentions that an amendment
may be allowed to cure a jurisdictional defect, Martin v.
Burford, so cited is against the proposition.

In Mason v. U. S., 138 U. S. 581, it was held that where
the interest of all are affected by the judgment, all must
join in the writ or it will be dismissed; to the same
affect Copeland v. Waldron, 133 Fed. 217; the joinder of
all parties is essential to jurisdiction, (3 C. J. 1034);
statutes authorizing proceedings in error must be strictly
pursued, (Burke v. Taylor, 45 O. S. 444); an attempted
service under Sec. 4306 C. S. does not confer jurisdiction
on the court; the court lays down the rule that any party
to the judgment who would be affected by its reversal, or
interested in its affirmance, must be made a party to the
proceedings in error. Persons might be common parties
to a judgment and interested in the question of its re-
versal without being otherwise so united in interest that
one could be considered the representative of the other
for purposes of constructive service, (Moore v. Chitten-
den, 39 O. S. 564); Evans v. Cheyenne Co. is not, under the
facts an authority in the case at bar, nor is the case of
Gunnison v. Gunnison Co., 154 Pac. 852, nor Winters v.
U. S., 207 U. S. 564. It clearly appears that defendants
had no adverse claim or interest as against each other in
the case at bar.

BLYDENBURGH, Justice.

This is a case to establish the several priorities of right to the use of the waters of the Big Laramie River and its tributaries. It was instituted as provided by statute by the filing with the State Board of Control of their claims of right by the individuals and such contests by others against such individual claims as were filed under the statutory provisions, and appeals from the order of the State Board of Control to the District Court as permitted by Section 779, Wyoming Compiled Statutes, 1910; all such appeals were consolidated in the District Court, and judgment was rendered December 27, 1912. On January 6, 1913, an order was entered overruling the several motions for new trial that had been filed, including motions of the plaintiffs in error. Six of the parties to the judgment filed their separate petitions in error in this court on January 3, 1914, together with praecipes for summons in error, and on the same day a summons in error naming 188 defendants in error was issued by the clerk of this court and made returnable on or before August 1, 1914. Although each of the separate petitions in error of the plaintiffs in error is in the same language, alleging error in overruling their respective motions for new trial, an examination of the said motions reveals the fact that they are different in each case, containing different grounds against in many respects different parties, although brought to this court in one case as they should be. This summons in error was returned and filed in this court on August 1, 1914, showing service or acceptance of service on or on behalf of 115 of the defendants in error named, and that 73 were not served on account of not being found.

On September 23, 1914, the attorney for the plaintiffs in error filed in this court a praecipe for alias summonses in error to be served upon nine of the unserved defendants in error, to be directed respectively to the sheriffs of the

counties of Albany, Carbon, Fremont, Laramie, Platte, and Uinta; which alias summonses were issued by the clerk of this court on the same day and made returnable on October 23, 1914. Six of these were served by the respective sheriffs on dates from September 23 to September 30, and were all returned and filed in this court on October 23, 1914. The other three do not seem to have been returned at all. One of these defendants in error that were not so served was included in the publication notice for service hereafter mentioned, but no service, either by publication or otherwise appears to have been further attempted on the other two.

On September 29, 1914, the attorney for plaintiffs in error filed in this court an affidavit for publication of summons in error under which publication was had, the first publication being September 30, 1914, and the last on November 11, 1914.

On August 22, 1914, the Wyoming Development Company, one of the defendants in error, filed in this court a motion to dismiss the proceedings in error for the reason that the "summons in error was not served upon it within sixty days after the date thereof, nor within one year after the entry of the order overruling the motion of the plaintiffs in error for a new trial in the District Court". This motion was finally disposed of in this court on December 23, 1915, (23 Wyo. 450, 153 Pac. 890), the motion being denied on the ground that the action in this court having been commenced by the filing of a petition in error, and the issuance of summons in error on January 3, 1914, within the time allowed by law, and being served on the mover within the life or before the return day of the summons in error, to-wit: August 1, 1914, which was a permissible day under the statute, the service was in time and the action would not be dismissed. The principal contention in that matter seemed to have been the meaning or application of the words contained in Section

5111, Wyoming Compiled Statutes, 1910, relative to peti-
tions and summons in error, as it then read, to-wit: "and
if issued in term time, it shall be returnable on a day
therein named", one side contending that this language
meant a day of the term of court, and the other, that it
meant a day named in the summons in error. The section,
which was amended by Chapter 70, Session Laws of 1917,
to confine the time to not more than sixty days after the
filing of the petition in error, then read:

"The proceedings to obtain such reversal, vacation, or
modification, shall be by petition in error, filed in a court
having power to make the reversal, vacation or modifica-
tion, and setting forth the errors complained of; there-
upon a summons shall issue and be served, or publication
made, as in the commencement of an action, and a service
on the attorney of record in the original case shall be
sufficient; the summons shall contain a statement that a
petition in error has been filed in the case; and if issued
in vacation, it shall be returnable on or before the first
day of the term of the court, and if issued in term time,
it shall be returnable on a day therein named; and if the
last publication, or service of the summons, be made ten
days before the end of the term, the case shall stand for
hearing at that term." This court held that under the
statute as it was then, a return day exceeding sixty days
after the date of issuance might be named in the summons
in error.

On February 7, 1916, the Wyoming Development Com-
pany, a defendant in error, filed a motion herein to dis-
miss the proceedings in error, for the following reasons:

"1. That all those defendants in error upon whom
summons in error was not served and who have not ap-
peared herein are necessary parties to these proceedings
in error, and that this court has acquired no jurisdiction
of them, the only service upon them having been made by
publication and the first publication having been made

more than sixty days after the expiration of one year
from the entry in the district court of the order overruling
the motions for the new trial.

2. That there is a misjoinder of plaintiffs in error and
that said plaintiffs in error cannot unite in a single pro-
ceeding in error.''

This motion was argued and is now before the court
for decision. The 2nd ground stated in the motion was
not especially urged by the mover on the hearing, but
under the first ground it is claimed, first: That in a pro-
ceeding of this kind, all those who were parties to the
judgment in the court below, or whose rights would be
affected by a reversal of the judgment are necessary
parties to the proceeding in error and this court cannot
proceed without them, and they must all be in some way
brought in before the time limit for bringing proceedings
in error has expired, unless they are so ''united in inter-
est'' with some of the parties duly served as to come under
that provision of Section 4305, Wyoming Compiled Stat-
utes 1910 relating to those ''united in interest''. Said
section reads as follows:

''An action shall be deemed commenced, within the
meaning of this chapter, as to each defendant, at the date
of the summons which is served on him, or on a co-de-
fendant who is a joint contractor, or otherwise united in
interest with him; and when service by publication is
proper, the action shall be deemed commenced at the date
of the first publication, if the publication be regularly
made.'' Second: That in a proceeding like this various
defendants are not joined in interest as joint contractors
but are really adverse to each other. Third: That after
August 1, 1914, the summons in error issued January 3,
1914, as to all those not served before that date and all
those attempted to be served after that date, were served
too late. Fourth: That the attempt to begin an action
named in Section 4306, Wyoming Compiled Statutes, 1910,

means the filing of a petition in error and the issuance of summons in error thereon, and the sixty days expires sixty days thereafter.

It is claimed on behalf of the plaintiffs in error that the interests that make the defendants in error necessary parties also make them joint parties, so that service on one is equivalent to service on all so as to save the jurisdiction of the court. That the whole time of the running of the original summons in error was a continuing attempt and the sixty days would not begin to run until after August 1, 1914, so that the service by publication would be in time.

The statute provides, with certain exceptions, that no proceeding to reverse, vacate, or modify a judgment or final order shall be commenced unless within one year after the rendition of the judgment or the making of the final order complaining of it. (Sec. 5122, Wyoming Compiled Statutes, 1910.)

As there was no statute specifically prescribing what should constitute the commencement of proceedings in error within the meaning of the provision limiting the time therefor, it has been held by this court that the provision of the Code of Civil procedure as to the commencement of actions and prescribing a rule for determining whether or not the action has been commenced within the meaning of the statute of limitations, are applicable by analogy to proceedings in error, following in this respect the decisions of the State of Ohio, from which state our Code was taken. (Caldwell v. State, 12 Wyo. 206, 74 Pac. 496; Lobell v. Stock Oil Co., 19 Wyo. 170, 115 Pac. 69; in Re Big Laramie River, 23 Wyo. 450, 153 Pac. 890.)

Among these Code provisions it is provided that a civil action "*must* be commenced by filing in the office of the clerk of the proper court a petition and causing a summons to be issued thereon." (Wyoming Compiled Statutes, 1910, Sec. 4351). "That the plaintiff shall also file

with the clerk of the court a praecipe stating therein the names of the parties to the action and demanding that a summons issue,'' and contained in the chapter relating to limitation for bringing action under *"General Provisions"* it is provided as follows:

"4305. An action shall be deemed commenced, within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him, or on a co-defendant who is a joint contractor, or otherwise united in interest with him; and when service by publication is proper, the action shall be deemed commenced at the date of the first publication, if the publication be regularly made.''

"4306. An attempt to commence an action shall be deemed equivalent to the commencement thereof within the meaning of this chapter, when the party diligently endeavors to procure a service; but such attempt must be followed by service within sixty days.''

Under these provisions, by analogy, this court has held that it is necessary, to bring or commence a proceeding in error, to file a petition in error, and to cause a summons in error to be issued where the issuance and service of summons in error have not been waived. (Force v. State, 14 Wyo. 296, 83 Pac. 596; Lobell v. Stock Oil Co., supra; Federal Oil and Development Co. v. Petroleum Mastschappij Salt Creek, 19 Wyo. 254, 115 Pac. 135; In Re Big Laramie River, supra.)

"The general rule with regard to parties is that every party to the record who may be directly affected in his interests or rights by a judgment on appeal or writ of error is entitled to be named or described in the application or writ so as to be made a party thereto, and to have notice thereof and an opportunity of being heard and of defending his rights. All parties to the record who are interested in maintaining the judgment or decree must, as a rule, be made parties to the appeal or proceeding in

error, either as appellants or plaintiffs in error, or as
appellees, respondents, or defendants in error, as must
also those whose rights will necessarily be affected by any
modification or reversal of the judgment or decree ap-
pealed from.'' (3 C. J. 1003-1004 and notes.)

''The general rule is that all parties in favor of whom
a judgment or decree has been rendered below, or who
are interested in having such judgment or decree sus-
tained, or whose interest will necessarily be affected by a
reversal or modification of such judgment or decree, and
all coparties of appellant or plaintiff in error, who are
interested, and who are not made coappellants or coplain-
tiffs in error, must be made appellees, respondents, or de-
fendants in error, and for lack of proper or necessary·
parties a petition or writ of error will be dismissed.'' (3
C. J. 1014 and notes.)

''A writ of error lies only against persons who were
parties or privies to the judgment complained of, but all
parties in favor of whom such judgment was rendered
and who consequently would be affected by its reversal
or modification must be made defendants in error.'' (2
R. C. L. § 50, page 68.)

This being the rule that governs judgments generally,
how much more reason for its application in a proceeding
such as the one at bar? This proceeding was adopted by
the first State Legislature to carry into effect Article
VIII of the Constitution of the state, and provide a defi-
nite or orderly record of the appropriation of the waters
of the various streams of the state according to quantity
and priority. This procedure, although originally founded
on individual statements by various claimants, aimed
eventually, through the determinations of the Board of
Control, or, on appeal by the courts of the state, to secure
orderly findings and decision of the quantities and priori-
ties in time of those who had made appropriation to bene-
ficial use of the waters of the various rivers and creeks in

the state, and in order that such judgment should be cor-
·rect and of most value, required in the first place notice
of such hearing, and determination be given to all claim-
ants to the water of the particular stream. (See Section
767, Wyo. Comp. Stat. 1910). And in case of appeal,
"All persons having interests adverse to the party appeal-
ing, or either of them, shall be joined as appellees." (Sec.
779, Wyo. Comp. Stat. 1910). .This seems to have been
done in this case by the number of the parties defendants
in error named in the proceedings, and how otherwise can
they, in the judgment, have received their correct priority
number or quantity of water from the stream in question?
Each of the plaintiffs in error in this cause alleged error
in denying their respective motions for a new trial. A
reversal of the cause therefore would require an order
for a new trial, which would open the case as to every one
of the parties, and to a rehearing of each of the claims of
all of the parties. We cannot conceive of a new trial
which would not perhaps open the question of quantity or
order of priority or perhaps both, of every appropriator
of the waters of the Big Laramie River. Each party, to
a certain extent at least, becomes an adversary of every
other party. The rule as stated in Dodson v. Fletcher, 78
Fed. 214, on page 215, 24 C. C. 9, 69, 70 is as follows:

"All the parties to a suit or proceeding who appear
from the record to have an interest in the order, judgment,
or decree challenged in the appellate court must be given
an opportunity to be heard there before that court will
proceed to a decision upon the merits of the case. (Mas-
terson v. Herndon, 10 Wall. 416; Hardee v. Wilson, 146
U. S. 179, 181; 13 Sup. Ct. 39; Davis v. Trust Co., 152 U.
S. 590, 14 Sup. Ct. 693; Gray v. Havemeyer, 10 U. S. App.
456, 3 C. C. A. 497, and 53 Fed. 174, 178; Farmers Loan &
Trust Co. v. McClure, (decided by this court January 25)
1897, 78 Fed. 211.) The reasons for this rule are that the
successful party may be at liberty to enforce his judg-

ment, decree, or order without delay against those parties who do not desire to have it reviewed, and that the appellate court may not be required to decide the same question more than once upon the same record.''

And in Continental and Commercial Trust and Savings Bank, et al. v. Corey Brothers Construction Co., et al., 205 Fed. 282, 123 C. C. A. 446, the court said:

''The Supreme Court, in Masterson v. Herndon, 77 U. S. (10 Wall.) 416, 19 L. Ed. 953, held that it was established that, where the decree is joint, all the parties against whom it is rendered must join in the appeal, or it will be dismissed. The court said: 'We think .there should be a written notice and due service, or the record . should show his appearance and refusal,' and that the court on that ground granted an appeal to the party who prayed for it, as to his own interest. Such a proceeding would remove the objections made to permitting one to appeal without joining the other; that is, it would enable the court below to execute its decree, so far as it could be executed, on the party who refused to join, and it would estop that party from bringing another appeal for the same matter. The latter point is one to which this court has always attached much importance; and it has strictly adhered to the rule under which this case must be dismissed, and also the general proposition that no decree · can be appealed from which is not final, in the sense of disposing of the whole matter in controversy, so far as it has been possible to adhere to it without hazarding the substantial rights of parties interested. (Hardee v. Wilson, 146 U. S. 179, 13 Sup. Ct. 39; 36 L. Ed. 79; Loveless v. Ransom, 107 Fed. 626, 46 C. C. A. 515; Provident Life & Trust Co. v. Camden, et al., 177 Fed. 854, 101 C. C. A. 68; Ibbs v. Archer, 185 Fed. 37, 107 C. C. A. 141; Grand Island & W. C. R. Co. et al. v. Sweeney, 103 Fed. 342, 43 C. C. A. 255.) Holding, therefore, that we are without jurisdiction, the appeal will be dismissed.''

In Richardson v. Thompson, 59 Neb. 299, 80 N. W. 909, Nebraska adopted the Ohio Code—the court said:

"We have repeatedly held that in an error proceeding all the parties to a joint judgment must be made parties, either plaintiff or defendants in error, and if not, the petition in error will be dismissed when the objection is seasonably made. (See Wolf v. Murphy, 21 Nebr. 472; Hendrickson v. Sullivan, 28 Nebr. 790; Curten v. Atkinson, 29 Nebr. 612, 36 Nebr. 110; Consaul v. Sheldon, 35 Nebr. 247; Andres v. Kridler, 42 Nebr. 784; Polk v. Covell, 43 Nebr. 884; Farney v. Hamilton County, 54 Nebr. 797.) As we understand the doctrine of the cases, it is that all parties to a cause in the trial court who may be affected by the modification or reversal of the judgment must be made parties to the proceeding to review said cause. If one can not be affected by the error proceeding, he need not be made a party, although a party to the record in the court below (Kuhl v. Pierce County, 44 Nebr. 584) and this doctrine is abundantly sustained by the authorities. * * * As the record discloses that two of the parties who may be affected by the reversal of the judgment have not been served with process, nor made their appearance in this court, and as it is now too late to bring them into court, more than a year having elapsed since the rendition of the judgment sought to be reviewed, the petition in error is dismissed."

Oklahoma took its code from Kansas, which had adopted the Ohio code, so we find the statutes of that state in many cases exactly like our own. In Wedd v. Gates, et al., 15 Okla. 605, 82 Pac. 808, the court said:

"The statute fixes the time in which a party may appeal from a final order of judgment of a court of record. After that time expires, if no appeal has been taken in conformity with the statutes, the judgment of the lower court becomes final, and the appellate court has no power thereafter to review such judgment, even if all the parties ex-

pressly agree that it may do so. And the appeal must be taken as to all of the necessary parties within the prescribed time. The rule here announced has been so thoroughly established by the appellate court that it can no longer be said that there is a division of authorities in relation to it. (Stevens v. Clark, 62 Fed. Rep. 321; Penny v. Nez Perces County, (Idaho) 43 Pac. 570; St. Louis & S. F. Ry Co. v. Rierson, (Kans.) 16 Pac. 443.)

In the case of Barber Asphalt Co., et al. v. Botsford, et al., (Kas.) 31 Pac. 1106, Mr. Justice Johnson, whose ability and long experience upon the bench, entitled his opinions to great weight, stated the rule as follows: 'All parties to be affected by the proceedings in error must not only be brought before the court, but all must be brought in by actual or constructive notice, before the expiration of the year within which actions may be brought to the supreme court. A proceeding in error must be commenced within one year after the rendition of the judgment or the making of the order complained of, except where the person entitled to the proceeding is under disability.' "

In Billy v. the Unknown Heirs of Gray, deceased, et al., 35 Okla. 430, 30 Pac. 533, the court said:

"Every necessary party to an appeal must either make general appearance within the time allowed for appealing from the judgment or final order of a court, or summons must issue within such time and service thereof be had upon the necessary parties, or the appeal will be dismissed. (Strange et al. v. Crismon, 22 Okla. 841, 98 Pac. 937.) All parties to an action whose interests will be affected by a reversal of the judgment appealed from are necessary parties to an appeal. (Vaught v. Miners' Bank of Joplin, 27 Okla. 101, 111 Pac. 214; Trugeon et al. v. Callamore, 28 Okla. 73, 117 Pac. 797; Siebert v. First Nat. Bank of Okeene, 25 Okla. 778, 108 Pac. 628.)

\* \* \* This she hopes to accomplish, either by having the judgment in which the omitted defendants are parties set aside by this court and a new trial granted, or by a rendition in this court of a judgment in her favor upon the record. In either event she seeks to set aside a judgment to which persons not before this court are parties, and a different judgment rendered. \* \* \*

At any event, such judgment could not be rendered in this court, or a new judgment rendered in the trial court, without affecting the interests of the absent defendants, and this court is, therefore, without authority to proceed in this cause.''

In White Lumber Co. v. Beasley, 146 Pac. 1082, the court said:

''From this judgment reducing the amount of their claim the White Lumber Company brings the case here, making all parties in interest defendants in error. The case is now before us on motion to dismiss for the reason that summons in error has not been served on the Mid-Continent Company, a necessary party to this appeal, nor has it waived service of summons or entered a general appearance. The judgment in this case was entered on April 24, 1913. The petition in error was filed in this court on May 29, 1913. The records fail to disclose service of summons in error, a waiver of service, or a general appearance entered by the Mid-Continent Company. Sess. Laws, 1910-11, ch. 18, p. 35, provides: 'All proceedings for reversing, vacating, or modifying judgments, or final orders shall be commenced within six months from the rendition of the judgment or final order complained of.' Construing the above section with section 4659, Rev. Laws 1910, this court has held that, where a summons in error has been issued within the six-month period, and service has not been obtained, the plaintiff in error may have sixty days from the issuance of the first summons in which to faithfully, properly, and diligently follow up his at-

tempt to secure service. (Durant v. Munford, 38 Okla. 552, 134 ac. 50.) But in this case the statutory period for service of summons has long since expired.

As all the parties to the judgment sought to be reversed whose interest will be affected by a reversal of the judgment have not joined in the proceedings in error or been brought into this court as parties defendant by service of summons, or waived the same, or entered a general appearance, the appeal will be dismissed. (Hawkins v. Hawkins, 35 Okla. 641, 130 Pac. 926.) "

In Tupelo Townsite Co. v. Cook, et al., 52 Okla. 703, 153 Pac. 164, the rule is stated as follows:

"The rule laid down by a long line of decisions in this court is as follows: 'One whose rights may be affected by a reversal or modification of a judgment appealed from is a necessary party in the appellate court. (Wedd v. Gates, 15 Okla. 602, 82 Pac. 808; Humphrey v. Hunt, 9 Okla. 196, 59 Pac. 971.)' All persons who are parties to the proceeding in the trial court, and whose interests will be affected by the reversal of a judgment or appeal, must be brought in and made parties in the appellate court, or the proceeding will be dismissed. (Weisbender v. School District, 24 Okla. 173, 103 Pac. 365; John v. Paullin, 24 Okla. 636, 104 Pac. 305; Hughes v. Rhodes, 23 Okla. 172, 105 Pac. 650; Seibert v. First Nat. Bank, 23 Okla. 778, 108 Pac. 628.) 'All parties against whom a joint judgment has been rendered must be made parties to a proceeding to reverse such judgment, and a failure to join any of them, either as plaintiffs or defendants, is ground for the dismissal of the case. (Vaught v. Miners' Bank, 27 Okla. 100, 111 Pac. 214; Burns v. Toney, 27 Okla. 728, 117 Pac. 209.)' As stated before, this is not discretionary with this court. The appeal must be dismissed for want of jurisdiction."

In Barber Asphalt Paving Co., et al., v. Botsford, et al., 50 Kans. 331, 31 Pac. 1106, the court said:

"The absence of a party to a joint judgment who will necessarily be affected by a modification or reversal defeats the jurisdiction of the court, and there can be no review of any part of the judgment. (Ex Parte Ploster, 10 Kans. 204; Armstrong v. Durland, 11 Id. 15; Hidgson v. Billson, 11 Id. 357; Bassett v. Woodward, 13 Id. 341; Richardson v. McKim, 20 Id. 346; Thompson v. Manufacturing Co., 29 Id. 480; Brownes Appeal, 31 Id. 331, 1 Pac. Rep. 78; Paper Co. v. Hentig, 31 Id. 322, 1 Pac. Rep. 529; McPherson v. Storch, 49 Id. 313; 30 Pac. Rep. 480.)

All parties to be affected by the proceedings in error must not only be brought before the court, but all must be brought in by actual or constructive notice before the expiration of the year within which actions may bei brought to the Supreme Court."

It is evident from the foregoing that all the parties. named as defendants in error are necessary parties and this court is without jurisdiction to proceed unless all of them are served with process in some of the ways provided by statute, within the time limited, unless they are so "united in interest" with those or some of those. served as to come under the provision of section 4305, Wyo. C. S. 1910, relating thereto. And a failure to serve one party who is an interested party is just as fatal to the jurisdiction as if a great number of parties were omitted. As is said in Buckingham v. Commercial Bank of Cincinnati, et al., 21 O. St. 131: "It makes no difference in principle, however, whether four of the defendants, or only one of them, was not served with process until after the expiration of the three years. In either case the same question is presented, namely, whether a service upon part of the defendants saves the case as to all, or whether on the other hand, the non-service upon part operates a bar as to all. From the very nature of the case, there is no middle ground between these alternatives, and one or the other must of necessity be adopted. Either the case is barred

as to all, or it is barred as to none. Either the court has jurisdiction of all, or it has no jurisdiction of any." And it was so stated in Johnson v. Irrigation Co., 4 Wyoming 164; 33 Pac. 22; where the absence of one party was held to be fatal.

In fact, it is evident that plaintiffs in error so considered that all of the parties named as defendants in error must be served from the fact that in the original summons counsel had a date named for the return of the original process, more than six months after its issuance, and then proceeded to have alias summonses issued some fifty-three days after the return date of this original process, and sixty days after said return date sought to get service by publication upon a number of those who had not been served.

It is evident that parties may be necessary parties to an appeal or proceeding in error and yet not be "united in interest" with other defendants in error. In Moore v. Chittenden, 39 O. St. 563, it is said:

" 'A co-defendant united in interest with him' does not embrace every co-defendant in the original action who was a proper, or even necessary party to the action. It may be conceded that all those united in interest with him were proper and necessary parties, but, on the other hand, it is clear, that all proper, and even necessary, parties defendant, are not united in interest."

In order that defendants in error can be considered so "united in interest" that service on one can be considered equivalent to service on another so as to save the jurisdiction of the appellate court they must have such a unity of interest as to be deemed representative of each other— they must be privities; as is said in Buckingham v. Commercial Bank of Cincinnati, et al., supra:

"They have a common interest. They are so united in interest that it is impossible, by any judgment that can be rendered in the cause, to separate them. Any judg-

ment that will affect the one, whether favorably, or un-
favorably, will, in like manner, and necessarily, affect the
others also. There is no antagonism between them, and
can be none, upon any question involved in the adjudica-
tion of the case.''

This is not the case with the defendants in error here.
They each, in case of a new trial, would be seeking the
acquisition of rights to as much of the waters of the Big
Laramie River as they can possibly get, and the earliest
priorities the evidence they can produce would admit of.
They are and will be mutually antagonistic in the very
matter involved in the litigation. None can be said to be
representative of the others.

The motion might well be granted on what has been
already said without further discussion as to what might
be said in regard to the right to issue alias summonses
after August 1, 1914, or the right for service by publica-
tion beginning September 30, 1914. The records show, as
stated above, that of the nine alias summonses issued Sep-
tember 23, 1914, three were not returned to this court,
and seem never to have been served. And two of these
non-served defendants in error were not included in the
service by publication and have never been served at all.
Under the authorities above quoted, therefore, as a fail-
ure to serve one of the necessary parties is fatal to this
court's jurisdiction, these circumstances would be suffi-
cient to dismiss the appellate proceedings.

But we are of the opinion that both the alias summonses
issued September 23, 1914, and the publication begun
September 30, 1914, were too late. The Statute 4305 pro-
vides ''that an action shall be deemed commenced * * *
as to each defendant at the date of the summons which is
served on him * * * and when service by publication is
proper, the action shall be deemed commenced at the
date of the first publication.'' Under the circumstances
of this case, therefore, the date of the alias summonses

being September 23, 1914, that must be considered the date of the commencement of the proceedings in error against those thus served, which date was one year and 261 days after the making of the final order complained of; and the date of the first publication was September 30, 1914, one year and 268 days thereafter, and was too late to have any effect as to bringing the parties thus attempted to be served before the court under section 5122, unless there is some other statutory provision under which the time may be considered extended. We are referred to section 4357, which provides for alias summons in civil actions when the original writ is returned "not summoned" or the service is deemed defective. This section is in the chapter regarding service, and it is evident that it does not repeal or modify the chapter and provisions regarding the limitation of actions. If the section had the effect claimed by counsel for plaintiffs in error, he could, by having successive alias summonses issued, postpone all limitation indefinitely. It does not require any argument to show that this statute has no application here.

But it is claimed that the alias summons and the commencement of the publication were within sixty days after the attempt, in the original writ, and is within the provisions of section 4306. It is claimed on behalf of the plaintiffs in error that the whole time from January 3, 1914 to August 1, 1914, during which the original summons in error ran, was part of the attempt to begin the action, and that they had sixty days after August 1, 1914, to make the service. We cannot agree with this view, and do not think the language of the statute will bear that construction. The language of this statute is to be construed according to its usual or ordinary meaning and the evident intention of this language is that the plaintiff, having done what he was called upon to do to commence the action within the time limited for commencing an action, he

shall have sixty days thereafter within which to perfect the service. The attempt is something that is to be done by the plaintiff; what has he to do to commence an action? File a petition in the office of the clerk of the court, and cause a summons to be issued thereon, by filing a praecipe therefore; (Sec. 4351-4352, Wyoming Compiled Statutes, 1910). When he has done this, he has done all he can; the rest must be done by the officers of the court. The attempt has been made, and the sixty days begins to run, and this is the view taken of this statute by the courts of those states which have adopted it. In Railroad Co. et. al. v. Collins, 11 Ohio Circuit Decisions 334, the court, after quoting their statute 4988, which is identical with our 4306, said:

"When does the sixty days begin to run? Does it begin to run, as contended by counsel for defendants in error here, from the time when the court determines that the original service is defective or, does it run from the attempt to make the service? We think the language of the statute clearly means that the sixty days is to be computed from the attempt to make the service. The language is 'But such attempt must be followed by service within sixty days.' In other words, a party cannot have a summons issued and have the service made in a manner in no way authorized by statute and then stand by for six months or a year, or two years, and then when the court says that that unauthorized service is defective, make another service within sixty days. The sixty days must be computed from the attempt to make the service."

In School District No. 39 (Kiowa County v. Fisher, County Treasurer, 23 Okla. 9, 99 Pac. 646), the Supreme Court of Oklahoma construed this statute as follows:

"In the case at bar, the alias summons was not issued within the statutory period of one year, nor was it served within 60 days after the issuance of the first summons. Following the reasoning of the court, in (Thompson et al v.

Wheeler & Wilson Mfg. Co., supra), in which it is held that section 20 of the code by analogy furnished the rule of construction for the section now under consideration, which fixes the time within which appeals must be begun, we must conclude that plaintiff in this action did not commence his proceeding within the statutory period. The Supreme Court of the territory of Oklahoma, without referring to the case of (Thompson et al v. Wheeler & Wilson Mfg. Co., supra, in Weld v. Gates, et al., supra), gave to this section the same construction that we are giving it. In that case the petition in error was filed, the summons in error was issued, and service had upon all the defendants except one, upon whom the summons in error was never served. After the expiration of 60 days from the issuance of summons in error, the defendant who had not been served entered into a stipulation which was filed in the case and constituted a general appearance; but the court held that, since he had not been served with summons in error within 60 days after the issuance of the first summons, he could not confer jurisdiction by entering an appearance or by express agreement. The second paragraph of the syllabus in that case reads: 'By the terms of Section 3892 of the Statutes of Oklahoma of 1893, an action is deemed to be commenced as to each defendant at the date of the summons which is served on him; and where a plaintiff in error causes summons to be issued on the last day within the year following the date of the final judgment appealed from, but fails to serve it on one of the necessary defendants in error, and also to secure service on him within 60 days after the issuance of the first summons (as provided in the same section), the appeal should be dismissed on the ground of defect of parties.' The only difference between the facts in that case and the case at bar is that the jurisdiction of the person of the defendant in that case was sought to be obtained by an appearance made after the expiration of 60 days after the issuance of the first summons; whereas, in this case it is sought to be obtained by service of an alias summons. De-

fendant in error's motion is sustained, and the cause is dismissed. All the justices concur.''

In (Thompson v. Wheeler & Wilson Mfg. Co., 29 Kans. 476), the court said:

''After a careful consideration of this question, we have come to the conclusion that where a bona fide attempt to commence a proceeding in error is made by filing a petition in error and case-made, as was done in the present case, and having summons issued thereon, such act should be deemed and held to be equivalent to the commencement of such proceeding in error; provided, of course, that the plaintiff in error should faithfully, properly, and diligently follow up his attempt by obtaining service upon the defendant in error within sixty days after the filing of the petition.''

And it is quite apparent that this is the intention of this statute, when we refer to the New York statutes on the subject, the New York code being the father, as it were, and the model for the Ohio code. The New York Code procedure, Sec 99, is as follows:

''An action is commenced as to each defendant when the summons is served on him, or on a co-defendant, who is a joint contractor, or otherwise united in interest with him.

An attempt to commence an action is deemed equivalent to the commencement thereof, within the meaning of this title, when the summons is delivered, with intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants, or one of them, usually or last resided.''

This shows that the attempt referred to in the codes of other states which were founded upon this New York code, to be the act which resulted in having placed in the hands of the proper officer for service the proper summons.

In Re (the Big Laramie River, 23 Wyo. supra), Judge Potter, speaking for the majority of this court, in several places referred to this matter and approves the idea that the attempt referred to means the filing of the petition in error and causing summons in error to issue. On page 463,

of the 23 Wyoming, on page 892 of 153 Pac, it is stated:
"The 'attempt' by filing the petition and summons will
have succeeded." On page 473, of 23 Wyo; on page 896
of 153 Pac., quoting from (Thompson v Wheeler & Wilson
Mfg. Co., supra): "Where a bona fide attempt to com-
mence a proceeding in error is made by filing a petition in
error and case made, as was done in the present case, etc."
On page 474, of 23 Wyo; on page 896 of 153: "After the
expiration of the time limit for commencing a proceeding
and an alias summons was issued, and service within 60 days
after the date of the first summons, etc." And in discussing
other Oklahoma cases, this matter is referred to.

We are of the opinion, therefore, that the time limit had
passed when service by publication could be begun on Sep-
tember 30, 1914, being more than one year after the date
of the order complained of, and more than 60 days after
the attempt to commence proceedings in error.

Counsel for plaintiffs in error has cited several cases in-
volving water rights in other states. In the cases cited, the
conditions are much different from those in the case at bar.
In the case of (Frost vs. Idaho Irrigation Co., 19 Ida., 372,
114 Pac. 38), after all the evidence was taken by a referee
and the evidence closed, and when the referee had made
his report and the matter was pending before the court for
final judgment and decree, a motion was made ex-parte to
have brought in two corporations, as defendants who were
not in existence at the commencement of the action, and
to have these corporations summoned. An order was made
on this ex-parte application, and they were summoned and
filed answers and cross-complaint. Upon the discovery of
this fact by the original defendants, they moved the court
to set aside this order, bringing in these corporations, as
being inadvertently made and requiring a re-opening and
re-trial of the case at large expense. The lower court, on
due consideration, ordered the answers and cross-complaint
of these corporations stricken from the files, as the parties
had failed to appear until after the testimony had been

closed, and the referee's report had been made to the court; that the order that these parties be made defendants was inadvertently made, would require a re-taking of all the testimony, which would entail enormous unnecessary and unwarranted expense. An appeal was taken from this order to the supreme court, which held that the lower court had a right to make an order setting aside the former order as inadvertently made, saying:

"If the order making the irrigation company defendant was inadvertently made by the trial court, there can be no question but that the trial court had power to set such order aside."

In Egan, et al v. Estrada, 56 Pac. 721, 6 Ariz. 248 (Arizona), the jury had found a general verdict in favor of the plaintiffs against all the defendants except one, Estrada, and an especial verdict in favor of Estrada against the plaintiffs (it being an action for an injunction.) The court below had ordered judgment or decree in accordance with these verdicts. The plaintiffs brought a writ of error against Estrada alone, alleging error in the judgment on the special verdict only. There was a motion to dismiss because all the defendants below were not made defendants to the writ of error. On this branch of the case the court said:

"It is a well-settled rule that all parties defendant shall be included in a writ of error when it is sought by the appeal to reverse a judgment in which all the parties are interested. The nature of this action calls for a separate judgment. * * * A court of equity is empowered and has placed upon it the duty of rendering a judgment in favor of plaintiffs as against some of the defendants, and in favor of some of the defendants and against plaintiffs, if the facts so warrant, each defendant being in that particular a separate party; and when a court of equity renders a judgment for plaintiff against a certain defendant, and for some other of the defendants against the plaintiff, there would be no technical reason for, or equitable purpose

in, making those defendants against whom a judgment had been entered parties to a writ of error brought by plaintiff against other defendants, in whose favor a judgment had been rendered against him. The judgment sought in this case to be corrected is a judgment between plaintiffs and the defendant Estrada alone, as to the priority of right to the use of water; and hence does not come within the rule that 'all parties to the judgment should be made parties to the writ of error.' ''

In the case of Gunnison Irrigation Co. vs. Gunnison High-Line Canal Co., 174 Pac. 852 (Utah), the lower court had found that the respondent had a primary right to water for 7250 acres prior to any rights of the defendants or the appellant. Then the defendants other than the appellant had certain secondary rights after respondent's rights, and the appellant, after the satisfaction of these primary and secondary rights, had certain tertiary rights to the use of the remaining waters of the stream, and that "these findings and awards were in no way disputed." The respondent had a reservoir in which the flood waters of the stream were stored, and the court said:

"The sole question raised by the appellant is as to the disposition between respondent and appellant of any excess that may exist in respondent's reservoir above the rights of respondent as above set forth, (in the decree). The question was raised by dispute as to the meaning of the paragraph marked '2' of the 'decision' just quoted." It is evident from this that the other defendants in the court below had no interest in the appeal and their rights could in no way be affected by the decision in the case.

In (South Side Improvement Company vs. Burton, 147 Cal. 401, 81 Pac. 1107), the facts were that a number of parties had a joint ditch to irrigate their lands; one Guiberson was lowest down on this ditch, which would not irrigate all his land. These parties made a contract with one Surdam by which Surdam agreed to deepen, widen, repair, and enlarge the ditch, make proper head-gates, etc., so that it

would carry a much greater quantity of water, and extend it beyond Guiberson's land, where Surdam had land upon which he proposed to use the additional water he would obtain, after the former owners had received all the water they were entitled to out of the ditch, and he also agreed to keep, construct, and maintain the ditch in good and proper condition at his own expense and cost. Instead of enlarging the old ditch, he constructed a new ditch at a higher level than the old one, so as to irrigate all his land lying below Guiberson's land, and this was done under a verbal modification of the contract. The new ditch was, at its upper part, parallel to and but a short distance from the old ditch until it reached Guiberson's land, where, owing to the flat grade of the ground, it diverged considerably from the line of the old ditch, so that there were 46.7 acres of land which could be irrigated from the new ditch which could not be irrigated by gravity from the old ditch, Guiberson's grantees claimed the right to irrigate this additional land from the new ditch under the Surdam contract, and from this claim the law-suit arose. The other parties who owned the original ditch, and who were parties to the Surdam contract, except those holding under Guiberson were not affected, as the new ditch was so close to the old one they did not irrigate any land under the new ditch which could not be irrigated from the old one, hence were not interested in the appeal, and the court therefore refused to dismiss the appeal because they were not served.

And so as to the other cases cited by counsel for plaintiffs in error; they come under the exception, that those whose rights can not in any way be affected by a reversal or modification of the judgment or decree are not necessary parties, and in this respect are different from the case at bar.

We hold that all the parties in the cause below are necessary parties to the proceeding in error in a case of this kind, being interested in the judgment. That all of them should be brought in in some of the ways provided by statute within the time limited by law, that they are not "unit-

ed in interest'' so that service on one is equivalent to service on all. That no service of any kind was had on at least two of the defendants in error. That the sixty days mentioned in Section 4306 begins to run from the filing of the petition in error and the issuance of the summons in error. That the issuance of the alias summonses in error on September 23, 1914, and the publication of summons in error September 30, 1914, were too late. That the motion to dismiss will have to be sustained and the proceedings in error dismissed.

*Dismissed.*

Beard, C. J. and Potter, J., concur.

## ON PETITION FOR RE-HEARING

Beard, Chief Justice.

The proceedings in error in this case were dismissed on motion of the defendant in error, Wyoming Development Company, October 4, 1920, 192 Pac. 680. The plaintiff in error has filed a petition for a rehearing upon that motion. It was held in the former opinion that seventy-three of the one hundred and eighty-eight defendants named in the petitions in error had not been served with summons in error within the time required by law, and that the necessary parties to give this court jurisdiction were not before the court; and for that reason the proceedings were dismissed. It is now contended that we were in error in dismissing the proceedings for the reason that the defendants not served are not necessary parties, and that the court can and should determine the controversy between the plaintiffs in error and those of the defendants in error who have been served, and that that can be done without effecting, injuriously, the rights of those not served. Counsel has cited authorities sustaining that proposition, and with which we agree. But we differ from him upon the question whether this is the kind of case coming within that rule. It was held in the former opinion, ''that all of the parties

in the cause below are necessary parties to the proceedings
in error in a case of this kind, being interested in the judg-
ment." And we are still of that opinion. In the motions
for a new trial, the denials of which are assigned as error
in the petitions in error, it was alleged and claimed that
the district court erred not only in determining the priority
of rights, but also that it erred in its award of the quantity
of water given to the respective parties. We think it is
apparent that if upon a new trial plaintiffs in error, or any
of them, should be given an earlier priority than that given
by the judgment, it would necessarily injuriously effect the
rights of those appropriators who by the judgment as it
now stands are given priorities over plaintiffs in error. And
if upon a new trial the plaintiffs in error or either of them
should be awarded water for a larger quantity of land, it
would in like manner effect those adjudged to be entitled
to water under later appropriations. We do not think we
can more clearly express our views on that question than as
stated in the former opinion to which upon reconsideration
we adhere. It is argued, however, that the burden rested
with the mover in the motion to dismiss the proceedings
in error to show by the record that the defendants not
served are necessary parties. That might be true if they
had not been named in the petitions in error as parties. But
in this case they were named in the petitions as parties de-
fendant, the proceedings have not been dismissed by plain-
tiffs in error as to them, and we think the opposing parties
and the court may well assume in that case that they are nec-
essary parties until it is made to appear by the record that
they are not such, or that a determination of the case be-
tween the parties before the court would not injuriously
effect those not served. That has not been done, but on the
contrary it appears upon the record that each and all of
them have water rights in the waters of the Big Laramie
river and its tributaries, the adjudication of which, under
the statute, was the matter before the Board of Control
from whose decision the case was appealed to the District

Court, and from its judgment to this court. The case was given full and careful consideration before the former opinion dismissing the proceedings in error was handed down, and upon consideration of the arguments presented in the brief in support of the petition for a rehearing and the authorities therein cited, we remain of the opinion that we did not err in dismissing the proceedings in error. Therefore, a rehearing is denied.

*Rehearing denied.*

Potter and Blydenburgh, JJ., concur.